UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBS FINANCIAL SERVICES, INC. and PIPER JAFFRAY & CO.,<br><br>Petitioners,<br><br>v.<br><br>MARK C. RILEY,<br><br>Respondent. | Civil No. 11-CV-2042-L-(RBB)<br><br>**ORDER GRANTING MOTION TO MODIFY ARBITRATION AWARD [doc. #2]; DENYING MOTION FOR RULE 11 SANCTIONS [doc. #9]; and DIRECTING ENTRY OF JUDGMENT** |

Petitioners UBS Financial Services, Inc. ("UBS"), and Piper Jaffray & Co.[1] ("Piper Jaffray") filed a petition for order confirming arbitration award [doc. #1] and a motion to confirm or, alternatively, to modify the arbitration award [doc. #2] on September 2, 2011. Respondent Mark C. Riley filed an opposition to the motion on September 7, 2011, to which petitioner filed a reply. In addition, Riley filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure [doc. #9] on September 13, 2011, to which petitioners filed an opposition. The matters having been fully briefed, the Court enters the following decision on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

---

[1] On September 7, 2011, petitioner UBS joined Piper Jaffray & Co. in the motion to confirm. [doc. #7.] Piper Jaffray was also joined in the opposition to respondent's motion for sanctions.

## I. BACKGROUND

Respondent Riley worked for Piper Jaffray. As part of his employment with Piper Jaffray, Riley received a forgivable loan and signed a promissory note for the loan. During the course of his employment at Piper Jaffray, UBS acquired Piper Jaffray and specifically assumed Piper Jaffray's liabilities related to its Private Client Services business,[2] including the promissory note. Following the acquisition, Riley accepted employment with UBS and the parties entered into an agreement to arbitrate any dispute between them before the Financial Industry Regulatory Authority ("FINRA"). Additionally, respondent received another forgivable loan and signed a promissory note for that loan. Riley subsequently ended his employment with UBS and failed to pay the outstanding balance on his promissory notes.

On February 9, 2010, UBS initiated a FINRA arbitration proceeding against Riley to recover the outstanding balance on the two promissory notes Riley signed, as well as interest and attorney's fees. Riley filed a counterclaim against UBS and Piper Jaffray alleging a number of claims related to his employment with the firms.

An arbitration hearing was conducted before a panel of three arbitrators appointed by FINRA. On August 4, 2011, the panel issued an arbitration award in favor of UBS for $284,687.50, interest in the amount of $61,337.33, and attorneys' fees in the amount of $31,000, totaling $377,024.83. The panel also held UBS and Piper Jaffray jointly and severally liable for payment to respondent Riley in the amount of $127,024.83.

On August 11, 2011, UBS filed a motion with the arbitration panel requesting the panel to clarify the award in order to provide for Riley's award to be offset against the award for UBS. On August 18, 2011, the Director of Arbitration informed the parties that UBS's motion would not be considered by the panel because it did not comply with the grounds enumerated in FINRA

---

[2] Section 2.1 of the Asset Purchase Agreement ("APA") between UBS and Piper Jaffray provides that UBS shall assume "all liabilities and obligations, known or unknown, asserted or unasserted, absolute or contingent, of Sellers to the extent solely relating to or arising out of the Business or the Assets, whether arising before, on, or after the Closing Date."

Code of Arbitration Procedure for Industry Disputes Rule 13905.[3]

UBS now requests that the Court confirm or alternatively, modify the award with a setoff of the amount awarded to Riley against the larger amount awarded to UBS, and enter a single judgment in favor of UBS in the net amount of $250,000, plus interest, attorneys' fees and costs. Riley opposes the motion. In addition, Riley filed a motion for Rule 11 sanctions against petitioners for the filing the motion to confirm or modify the award.

## II. DISCUSSION

### A. Petitioner's Motion to Confirm or Modify Arbitration Award

The Federal Arbitration Act ("FAA") governs the role of federal courts in reviewing arbitral decisions. *See* 9 U.S.C. §§ 1–16. "[F]ederal court review of arbitration awards is extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992). If a party seeks a judicial order confirming an arbitration award pursuant to the FAA, a federal district court "must grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The proceeding to confirm an arbitration award is intended to be summary. *See Northrop Corp. v. Triad Int'l Marketing S.A.*, 842 F.2d 1154, 1157, n.7 (9th Cir. 1988).

Sections 1 through 16 of the FAA enumerates limited grounds on which a federal court may vacate, modify or correct an arbitral award. *See* 9 U.S.C. §§ 1–16. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera Corp. v. Prudential-Bache T Serv's, Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "Under the statute, confirmation is required even in the face of erroneous findings of fact and misinterpretations of law." *Id.* at 997 (internal quotation marks and citation omitted); *see also G.C. and K.B. Invs., Inc. v. Wilson,* 326 F.3d 1096, 1105 (9th Cir. 2003) ("[I]t is not even enough that the [arbitrator] may have failed to

---

[3] FINRA Code of Arbitration Procedure for Industry Disputes Rule 13905 provides that parties may not submit documents to arbitrators in cases that have been closed except under limited circumstances, including "at the request of any party within 10 days of an award or not that a matter has been closed, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award."

understand or apply the law.").

The FAA "allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera*, 341 F.3d at 997–98. These grounds allow "an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Id.* A party "may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator's act." *Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964).

As an initial matter, neither party contends the award should be vacated. Petitioners argue that the award should be confirmed to provide a setoff while Riley argues the award should be confirmed without an setoff because the court does not have the authority to do so. (Resp.'s Opp. at 2.) Riley also argues the award should not be confirmed or modified to provide for an offset because UBS and Piper Jaffray are jointly and severally liable. Therefore, Riley argues that to allow an offset against the money awarded to UBS would deprive respondent of the ability to recover from Piper Jaffray. Finally, Riley argues that petitioners' motion should be denied because his counsel's attorneys' fee lien on his award takes priority over UBS's right to a setoff. (*Id.* at 2–3.)

Petitioners argue that under *Citizens Bank v. Stumpf*, 516 U.S. 16, 18 (1995),[4] the district court has the inherent authority to setoff the award to Riley against the award to UBS and enter a single judgment thereon in favor of UBS. In addition, petitioners rely on *RGA Reinsurance v. Ulico Casualty Co.*, 355 F.3d 1136, 1139 (8th Cir. 2004), which held an reinsurer's suit against the reinsured to confirm arbitration award, seeking to offset excess loss payments it had made to the reinsured against the reinsured's arbitration award, was properly characterized as a

---

[4] In *Stumpf*, the Supreme Court stated that right of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the 'absurdity of making A pay B when B owes A.'" *Stumpf*, 516 U.S. at 18.

confirmation rather than modification of the award. Petitioners argue that *RGA Reinsurance* presents "a situation nearly identical to the one at hand." (Pet. Mot. Memo. at 9.) Although *RGA Reinsurance* is persuasive, there is currently no authority in the Ninth Circuit allowing for a setoff in confirming an arbitration award. Accordingly, petitioners' motion to confirm the arbitration award with a setoff will be denied.

Alternatively, petitioners requests the Court to modify the award to provide for a setoff. (Pet. Mot. Memo. at 11.) Riley opposes for the same reasons set forth above. Section 11 of the FAA permits a district court to modify or correct an arbitration award "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;" 9 U.S.C. § 11(b), or "[w]here the award is imperfect in matter of form not affecting the merits of the controversy," 9 U.S.C. § 11(c). The statute further provides that "[t]he order may modify and correct the award, so as to affect the intent thereof and promote justice between the parties." 9 U.S.C. § 11. Section 11(c) does not allow the district court to substitute its judgment for that of the arbitrators, *see Diapulse Corp. of Am. v. Carba, Ltd.*, 626 F.2d 1108, 1110 (2d Cir. 1980), but allows the court to modify arbitration awards to reflect the clear intent of the arbitrator. *See Atlantic Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276, 1282–84 (5th Cir. 1994).

Petitioners contend that the award was "imperfect" in that it fails to clarify that the award to Riley is to be offset against the much larger award to UBS. (Pet.'s Mot. Memo. at 12.) Petitioners also argue that modifying the award would not affect the merits of the case because it simply promotes justice between the parties "by ensuring that UBS does not have to run the risk of paying Riley a substantial sum of money when there is a very good chance that Riley will not pay UBS. . . ." (*Id.*)

Although there is not much law concerning the meaning or application of section 11(c), that provision cannot be mere surplusage within the FAA. The arbitration award in this case would seem to be a prime example of an award that is "imperfect as to form" rather than in substance. Here, the award would require petitioners to pay Riley the full amount of the award even though he owes a greater amount to UBS. But the arbitration panel never considered the

merits of a setoff, as the request for clarification filed by petitioners was not submitted to the panel for review. Allowing for a setoff would not require the Court to reconsider the merits, and it would not affect the amount of damages awarded to either party. Rather, it would simply modify the form of the award to avoid unjust consequences. In addition, allowing Riley to pay just his net obligation avoids "the absurdity of making A pay B when B owes A." *Studley v. Boylston Nat'l Bank of Boston*, 229 U.S. 523, 528 (1913); *see also Strumpf*, 516 U.S. at 18. Even though Riley argues that an offset would deprive him of the right to recover from Piper Jaffray and therefore the offset should not be granted, he cites to no authority supporting this proposition. According, petitioners' request to modify the award to allow for a setoff will be granted.

### B.     Respondent's Motion for Rule 11 Sanctions

Under Federal Rule of Civil Procedure 11, a court may impose sanctions for filings which are frivolous, legally unreasonable or brought for an improper purpose. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The purposes underlying Rule 11 are "deterrence of dilatory or abusive pretrial tactics and the streamlining of litigation." *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986). Sanctions for a Rule 11 violation may be imposed upon attorneys, law firms, or parties that have violated Rule 11 or are responsible for the violation. *See* FED. R. CIV. P. 11(c) (1). Before imposing sanctions under Rule 11, the court must determine whether "a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Truesdell v. Southern Cal. Permanente Medical Group*, 151 F. Supp.2d 1174, 1183 (C.D. Cal. 2001). In determining whether a reasonable inquiry was made prior to submitting a document for filing as required under Rule 11(b), a court may consider:

> [H]ow much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

FED. R. CIV. P. 11 Advisory Committee's Note (1983 amendment).

Rule 11 contains a twenty-one day safe harbor provision requiring the party seeking

sanctions to serve the Rule 11 motion, but not to file the motion if the challenged pleading is withdrawn or appropriately corrected within twenty-one days after service or within another time frame set by the court. *See* FED. R. CIV. P. 11(c)(2); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (safe harbor provision mandatory). Here, Riley served his Rule 11 motion on petitioners on September 9, 2011 (Ps' Opp., Ex. D) and filed the motion on September 13, 2011 (doc. #9). Riley's motion for sanctions filed before twenty-one days elapsed ran afoul of Rule 11, which provides twenty-one days for petitioners to withdraw or correct a challenged filing.

Riley argues that he "has provided [the petitioners] the 21 days safe harbor as required" by writing a letter to petitioners' counsel "in accordance with the safe harbor provision of" Rule 11. (Resp.'s Mot. at 2, 4.) But Riley presents no support for his suggestion that his counsel's August 22, 2011 letter was sufficient to fulfill Rule 11's twenty-one day notice requirement.

The Ninth Circuit has emphasized that Rule 11 requires service of a motion. *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1988). Specifically, the court noted that the Advisory Committee anticipated that in addition to formal service of the proposed Rule 11 motion on the opposing party, "counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." *Id.* (quoting FED. R. CIV. P. 11 Advisory Committee's Note). The court concluded "[i]t would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion." *Id.*

Even if the Court assumes Riley complied with the safe harbor provision, the motion is without merit. Petitioners' motion to confirm or modify the arbitration award was neither frivolous, legally unreasonable, nor filed for an improper purpose. In fact, petitioners' presented more than sufficient legal authority for its motion. Accordingly, Riley's motion for sanctions under Rule 11 is denied.

In their opposition, petitioners request an award of attorneys' fees they incurred in defending Riley's Rule 11 motion. Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the

motion," FED. R. CIV. P. 11(c)(2). The Court finds an award of attorneys' fees is not warranted in this situation and will deny petitioners' request.

### C. Request to Recover Post-Award and Post-Judgment Interest

The general rule is that state law is used to determine the award of pre-judgment interest in diversity actions but that federal law is used to determine the award of post-judgment interest in diversity actions. *Northrop Corp. v. Triad Intern Marketing, S.A.*, 842 F.2d 1154 (9th Cir. 1988). An arbitrators' award is not a judgment. Rather, until the award is reduced to judgment by a court the other party is under no legal obligation to pay it. *See PMX Indus, Inc. v. LEP Profit Int'l*, 31 F.3d 701, 704 (8th Cir. 1994).

The UBS promissory note at issue in the arbitration is governed by New York law. New York law provides for the recovery of interest at nine (9) percent per annum on the total sum awarded from the time of the verdict, report, or decision to the time of the judgment. *See* N.Y.C.P.L.R. §§ 5002 (pre-judgment interest) and 5004 (interest rate). New York courts have held that final arbitration awards qualify as "decisions" or "reports" under NYCPLR section 5002, and the successful party is entitled to recover interest on the arbitration award from the time of the award to the time of the judgment. *See Kavares v. Motor Vehicle Acc. Indem. Corp.*, 285 N.Y.S.2d 983, 987 (1967).

Petitioners requests a determination of post-award (pre-judgment) interest as well as post-judgment interest. Petitioners argue that they are entitled to interest at the pertinent state rates from the date of the entry of the award to the date the award is reduced to a formal judgment and then interest at the federal interest rate pursuant to 28 U.S.C. § 1961 after the court enters judgment confirming the award. Riley does not appear to oppose petitioner's request for pre- and post-judgment interest but asserts that he is "similarly entitled to interest from the date of the award until payment in full." Because the Court finds Riley's award is offset, he is not entitled to pre- or post-judgment interest.

The Court finds that UBS is entitled to pre-judgment interest at the rate of nine percent per annum under New York Civil Practice Law and Rules Sections 5002 and 5004 from the date of the FINRA Arbitration Award, August 4, 2011, until the Court enters judgment. In addition,

the Court finds that UBS is entitled to post-judgment in accordance with section 1961 from the date the judgment is entered until the judgment is paid in full.

### III. CONCLUSION

Based on the forgoing, **IT IS ORDERED**:

1. Petitioners' motion for order confirming the arbitration award is **DENIED**.

2. Petitioners' alternative motion to modify the arbitration award is **GRANTED**.

3. Respondent's motion for Rule 11 sanctions is **DENIED**; petitioners' request for attorneys' fees under Rule 11 is **DENIED**.

4. Petitioners' request for pre-judgment and post-judgment interests is **GRANTED** as follows: prejudgment interest is awarded at the rate of nine percent per annum on the sum of $250,000.00 from August 4, 2011 until the judgment is entered here; and post-judgment interest is awarded at the federal interest rate as provided for in 28 U.S.C. § 1961 from entry of the judgment until respondent's payment in full of the judgment award.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in accordance with this Order.

**IT IS SO ORDERED**.

DATED: May 17, 2012

                                            M. James Lorenz
                                            United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL